IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,331-02






EX PARTE TOM RICHARD DOYLE, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 02-05-03090-CR (2) IN THE 359TH DISTRICT COURT


FROM MONTGOMERY COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of eight counts of
indecency with a child, one count of aggravated sexual assault of a child, and one count of aggravated
kidnapping and he was sentenced to terms of 10, 35, and 25 years' imprisonment. The Seventh Court
of Appeals affirmed his conviction. Doyle v. State, No. 07-03-00024-CR (Tex. App. - Amarillo,
November 29, 2004, pet. ref'd). 

 This application is subsequent. See Tex. Code Crim. Proc. art. 11.07, Sec. 4 (Vernon
2007). However, Applicant contends that he has newly discovered evidence showing that he is
actually innocent of one indecency offense, the aggravated sexual assault, and the aggravated
kidnapping, sufficient to overcome the bar against subsequent applications and entitle him to relief. 
Specifically, he alleges that after the first habeas application was denied he learned that the victim had
sent a recantation to the court and the district attorney's office. He further asserts that his requests
for information concerning this recantation have been ignored.

 Applicant has alleged facts that, if true, might be sufficient for his claim of actual innocence
to survive the bar against subsequent applications. Ex parte Elizondo, 947 S.W.2d 202 (Tex. Crim.
App. 1996). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings
of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection and court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the court or the district attorney's
office received a recantation from the victim, and if so, whether the recantation constitutes a
previously unavailable factual basis for Applicant's claim of actual innocence. If the court finds that
the factual basis of Applicant's claim was not ascertainable through the exercise of reasonable
diligence before the previously considered application was filed, then the court shall make findings
as to whether the recantation goes toward affirmatively proving Applicant's innocence. If the
recantation constitutes a previously unavailable factual basis for the claim and goes toward
affirmatively proving Applicant's innocence, then the trial court shall assess the reliability and weight
of the new evidence and make findings as to whether Applicant has proven by clear and convincing
evidence that no reasonable juror would convict Applicant in light of the victim's recantation. The
trial court shall make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 12, 2007

Do not publish